UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jor Y., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Custom* and David Easterwood, <br><br> Respondents. | File No. 26-CV-1210 (JMB/DJF) <br><br><br> **ORDER** |

Daniel P. Suitor, Daniel P. Suitor LLP, Minneapolis, MN, for Jor Y.

David Fuller and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Jor Y.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Todd M. Lyons, and David Easterwood (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

## FINDINGS OF FACT[2]

1. Jor. Y. is a native of Laos and a member of the Hmong ethnic minority. (Pet. ¶ 22.)

2. Jor Y. entered the United States in 1991 as a refugee, and received lawful permanent resident status retroactive to 1991. (*Id.*)

3. In 1998 Jor. Y. was convicted of conspiracy to commit kidnapping. (*Id.* ¶ 23.) Jor Y. was subsequently ordered removed by an immigration judge in 1999; however, the U.S. Government has been unable to execute his removal order to Laos since then and Jor Y. has been released on an order of supervision for the past twenty-six years. (*Id.* ¶ 24.)

4. Jor Y. has been fully compliant with his order of supervision. (*Id.*)

5. Jor Y. has not at any time been asked by ICE to come in to fill out an application for a travel document, and he does not have a passport from Laos. (*Id.* ¶ 25.) Jor. Y. has not been informed of the prospect of removal to any other country. He has also not been called in to the ICE field offices. (*Id.*)

6. On February 7, 2026, Jor Y. was arrested outside of his home. (*Id.* ¶ 26.)

7. There was no warrant for his arrest. (*Id.*)

8. ICE never formally notified Jor Y. that it was revoking his order of

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

supervision, nor has ICE identified a change in circumstance justifying revocation of his order of supervision. (*Id.* ¶ 27.)

9. ICE does not currently have a plan to remove Jor Y. to Laos or any other country, nor has an effort been made to obtain travel documents for him. (*Id.* ¶ 28.)

10. On February 8, 2026, Jor Y. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.)

11. On February 8, 2026, the Court ordered Respondents to file a response to the Petition by February 6, 2026, at 11:00 a.m. (Doc. No. 3.) The Court ordered Respondents to address "whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (*Id.*)

12. Respondents timely filed their answer. (Doc. No. 5.)

## DISCUSSION

Jor Y. argues that ICE's re-detention of him on February 7, 2026, violated the law because ICE did not comply with its own regulations under section 241.13(i)(2)–(3). (Pet. ¶¶ 26–28, 43.) The Court agrees and grants Jor Y.'s petition in part.[3]

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of

---

[3] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition. The Court also does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Jor Y. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Jor Y. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of his current re-detention.

4

## B. Violations of Regulations Governing Revocation of Supervised Release

Jor Y. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by failing to provide adequate notice that his Order of Supervision was revoked and the reasons for revocation, by failing to sufficiently demonstrate changed circumstances that render his removal significantly likely in the reasonably foreseeable future, and by failing to provide him an initial informal interview promptly upon his re-detention. (*See* Pet. ¶ 43 (citing 8 C.F.R. § 241.13(i)(3).) The Court agrees with Garrison G. and grants the Petition on this basis to the extent he requests immediate release.

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal. Government agencies are required to follow their own regulations. *See United States ex rel. Accordi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025). 8 C.F.R. § 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention. *Id.* § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. *Id.* § 241.13(i). Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE]

5

determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2).  To make such a reasoned determination, the agency must "consider[] factors probative of the [noncitizen's] future removal," such as the factors set out in section 241.13(f).  *Sarail A.*, 2025 WL 2533673, at *7 (citing cases); *see also Kong v. United States*, 62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a noncitizen released under section 241.13).

In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification.  8 C.F.R. § 241.13(i)(3).  Respondents concede to this notification requirement in their answer (Doc. No. 5 at 5), but neither allege nor provide documentation that they complied with this requirement.  Section 241.13 places the burden on ICE to establish that "changed circumstances" justified the revocation of release.  *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Respondents failed to comply with the requirements of section 241.13(i).  Respondents have offered no reasons at all for revoking Jor Y.'s supervised release, whether in a notice to Jor Y. or in written submissions in this action.  (Pet. ¶¶ 26–28, 43.)

6

Jor Y. has established that he has complied with the conditions of supervised release. (*Id.* ¶ 24.) There is nothing in the record to suggest changed circumstances or that he will be removed in the reasonably foreseeable future, nor that ICE made any reasoned determination to revoke his supervised release. Finally, Jor Y. has shown that Respondents neither provided him any reasons for the revocation of his release nor promptly provided the required initial informal interview. (*Id.* ¶¶ 26–28, 43.)

Accordingly, Jor Y. has shown that ICE's re-detention of him on February 7, 2026, violated the law because ICE did not comply with its own regulations under section 241.13(i)(2)–(3). Petitioner must be released immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the unopposed Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota, subject to and in accordance with the conditions in his preexisting Order of Supervision, no later than <u>4:00 p.m. CST on February 12, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 13, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition,

counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 11, 2026               /s/ Jeffrey M. Bryan
                                        Judge Jeffrey M. Bryan
                                        United States District Court