**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jor Y.,

      Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

      Respondents.

File No. 26-CV-1210 (JMB/DJF)

**ORDER**

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Minneapolis, MN, for Petitioner Jor Y.

David W. Fuller, David R. Hackworthy, and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Jor Y.'s[1] motion for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (Doc. No. 22.) For the reasons discussed below, the Court grants the motion.

**BACKGROUND**

Jor Y., a native of Laos, entered the United States in 1991 as a refugee. (Doc. No. 6 ¶¶ 1, 2.) He later received lawful permanent resident status retroactive to 1991. (*Id.* ¶ 2.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Approximately twenty-seven years ago, Jor Y. was ordered removed by an immigration judge. (*Id.* ¶ 3.) However, he has been released on an order of supervision for the past twenty-six years because the government has been unable to execute the order for removal. (*Id.*) For the past twenty-six years, Jor Y. has always been compliant with his order of supervision and the government has never asked him to fill out any applications for travel documents or otherwise informed him that his deportation is imminent. (*Id.*)

On February 7, 2026, Immigrations and Customs Enforcement (ICE) officers arrested and detained Jor Y. as part of the Department of Homeland Security's (DHS) aggressive months-long mass-arrest event in Minnesota known as "Operation Metro Surge." (*Id.* ¶ 6.) ICE officers provided no warrant or explanation for his arrest and he was never told that a change of circumstances existed such that ICE would revoke his order of supervision. (*Id.* ¶¶ 7, 8.) At the time of his arrest and detention, ICE did not have a plan to remove Jor Y. to Laos or any other country, and it had not obtained any travel documents in furtherance of such a plan. (*Id.* ¶ 9.)

On February 8, 2026, Jor Y., via counsel, filed a petition for a writ of habeas corpus. (Doc. No. 1.) In it, Jor Y. argued, among other things, that, by arresting and detaining him, Respondents violated 8 C.F.R. § 241.13(i)(2)–(3), which requires a showing of changed circumstances before DHS can revoke an existing order of release. (*See id.* at 15.) The Court ordered Respondents to file a response, which was to set forth the true cause of Respondents' detention of Jor Y., by 11:00 a.m. on February 11, 2026. (Doc. No. 3.) The Court also ordered the Respondents to not move Jor Y. out of the District of Minnesota. (*Id.*) Respondents did timely file a response, in which they acknowledged that 8 C.F.R.

§ 241.13(i)(2)–(3) governs, but argued that they had authority under 8 U.S.C. § 1231, subject to the temporal limitations set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001),  to detain Jor Y. pending his removal.  (Doc. No. 5.)  Respondents offered no response at all to Jor Y.'s argument that the manner of their arrest and detention violated 8 C.F.R. § 241.13(i)(2)–(3).  (*See id.*)

On February 11, 2026, the Court granted Jor Y.'s petition on grounds that Respondents violated 8 C.F.R. § 241.13(i)(2)–(3) because they made no showing that changed circumstances justified the revocation of Jor Y.'s order of release.  (Doc. No. 6.)  The Court ordered Respondents to release Jor Y., along with all of his property, in Minnesota, and subject only to the conditions in his preexisting order of supervision, by 4:00 p.m. on February 12, 2026.  (*Id.* at 7.)  The Court also ordered Respondents to file a declaration stating whether, why, and at whose decision Jor Y. had been moved out of the District of Minnesota.  (Doc. No. 6.)

Respondents released Jor Y. on February 12, 2026 at 4:32 p.m.  (Doc. No. 8.)  Respondents did not file the requested documentation to show that Jor Y. had been released without conditions, with all of his property, or whether he had been moved out of the District of Minnesota.  (*See* Doc. Nos. 9, 11, 13.)  Respondents' non-compliance with the Court's orders led the Court to issue two show-cause orders and to ultimately schedule a contempt hearing based on Respondents' failure file documentation showing that they had returned all of Jor Y.'s property to him upon his release.  (Doc. Nos. 9, 11, 13, 16.)  During the contempt hearing, Jor Y.'s counsel confirmed on the record that Jor Y. had been returned all of his property.  (Doc. No. 20.)

**DISCUSSION**

Jor Y. seeks his attorneys' fees and costs under the EAJA in the amount of $8,255.00. Respondents oppose the motion.

The EAJA is meant to eliminate barriers to the average person who seeks to challenge unreasonable government action. *Jerson A.D.G. v. Bondi*, No. 26-CV-0516 (DWF/SGE), 2026 WL 776808, at *1 (D. Minn. Mar. 19, 2026) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). In that vein, the EAJA provides that a "prevailing party" with a qualifying net worth may recoup their "fees and other expenses . . . incurred by that party in any civil action . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). A motion for fees and costs under the EAJA must be brought within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B).

Respondents do not dispute that Jor Y. was the prevailing party in this action. (*See* Doc. No. 30.) Instead, Respondents oppose the motion on grounds that their basis for opposing Jor Y.'s petition—that is, that *Zadvydas* authorized their detention of Jor Y.— was substantially justified. On this point, Respondents bear the burden of proof. *Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). To be substantially justified, Respondents' argument need not have been correct, but it must have been "justified to a degree that could satisfy a reasonable person." *Bah v. Cangemi*, 548 F.3d 680 (8th Cir. Nov. 28, 2008).

However, the Court notes that, in response to Jor Y.'s Petition, Respondents entirely failed to respond to Jor Y.'s argument that the revocation of his order of release and

4

subsequent detention was in violation of 8 C.F.R. § 241.13(i)(2)–(3).  Respondents' failure

to respond to Jor Y.'s legal argument on this issue—the legal argument that ultimately won

the day—was not substantially justified.  Further, in response to Jor Y.'s motion for EAJA

fees, Respondents make no assertion that their failure to respond to this argument was

justified.  Nor do Respondents offer any argument that their detention of Jor Y. in violation

of section 241.13 was justified at all, let alone substantially justified.  Finally, Respondents

make no argument that the conduct that led to the Court's issuance of two show-cause

orders and the Court's scheduling of a contempt hearing (which caused Jor Y.'s counsel to

perform additional work and charge additional fees) was substantially justified.

Thus, because Respondents have not demonstrated that their litigation position as it

related to the Petition was justified, Jor Y. is entitled to an award of costs and fees.[2]

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1.    Petitioner Jor Y.'s motion for attorney's fees under the EAJA (Doc. No. 22) is GRANTED.

2.    Petitioner Jor Y. is awarded $5.00 in costs and $8,250.00 in attorney's fees.

Dated:  August 7, 2026                                              */s/ Jeffrey M. Bryan*
                                                                    Judge Jeffrey M. Bryan
                                                                    United States District Court

---

[2] The Court notes that Respondents ask the Court to reduce the requested amount of fees to no more than $1,750.  However, Respondents do not explain how they arrived at this amount and do not advance any well-developed argument in support of this proposed reduction.  (*See* Doc. No. 30 at 5.)